## SEYMOUR *v.* MONTGOMERY.

### December, 1864.

An executory sale of an interest in a vessel yet to be built, passes no interest in the vessel when it comes into existence, as against a purchaser after that time having no notice of the previous sale.

Four parties agreed to build a vessel, each to contribute one-quarter of the cost, and each to be one-quarter owner, and two of them to be each entitled to buy the shares of the others. *Held,* that one of them who accordingly purchased the share of another, could not defend an action for the price, on the ground that before building the vessel, the vendor had made an executory sale of the same share to another of the four, and received a part of the price.

Erastus B. Seymour and William Wells, as assignees of Bidwell, Banta & Co., sued Robert B. Montgomery, in the superior court of Buffalo, to recover a balance alleged to be due on the sale of a quarter interest in a vessel.

The facts found by the referee were, that in Feb., 1857, Bidwell, Banta & Co., shipbuilders; Sidney Sheppard, an engine builder; William Dickson, a mariner, and the defendant, Robert Montgomery, also a mariner, agreed to build and equip a propeller, at a total cost of forty-five thousand dollars; each party to own a quarter. Bidwell, Banta & Co. were to construct the hull, Sheppard to furnish the engines, and the others to pay sufficient cash to make all contributions equal; and it was also agreed, that Dickson and defendant were each respectively to have the privilege of buying either or both the two

shares of the other parties, whenever either of the former elected to do so.

About Feb. 25, 1857, before the propeller was actually commenced, Dickson having elected to purchase the quarter interest of Bidwell, Banta & Co., paid them, beside his cash contribution, one thousand one hundred and eighty-seven dollars and fifty cents on account of his purchase of their interest.

Bidwell, Banta & Co. afterward constructed the vessel, so far as required by the contract; and in August or September, 1857, when she was ready for launching, sold and transferred their one-quarter to the defendant, and the defendant paid the purchase money thereon, except nine hundred and ninety-six dollars and thirty-one cents. This balance Bidwell, Banta & Co. assigned to the plaintiffs, who brought this action to recover it. Soon after the sale to defendant, Bidwell, Banta & Co. became insolvent.

Before that sale was made, plaintiffs had notice that Dickson had made the payment above stated, and the defendant declined to pay to plaintiffs the balance sued for, on the ground that Dickson claimed it as a prior purchaser of the same interest. It did not, however, appear that defendant at the time of his agreement for the purchase of Bidwell, Banta & Co.'s share had any notice that they had previously sold it to Dickson.

The answer in the present action set up that Bidwell, Banta & Co. did not own and sell to defendant this quarter interest, but that William Dickson was the owner thereof.

The referee decided that plaintiff was entitled to judgment for said balance, to which decision defendant excepted, and judgment having been affirmed by the court at general term, defendant appealed.

*James Sheldon*, for defendant, appellant;—Cited *Story on Partn.* § 417; *Watson on Partn.* 78; 2 *Barb.* 439, 608; *Story Eq. J.* §§ 718–61; 2 *Kent*, 626; 3 *C. Rob.* 133; 2 *Dod.* 288.

*M. A. Whitney*, for plaintiffs, respondents;—Cited Merritt *v.* Johnson, 7 *Johns.* 472; 3 *Kent*, 7 ed. 199; *Coll*, 4 Am. ed. 1017; Mumford *v.* Nicoll, 20 *Johns.* 611; *Story Eq. J.* § 1242.

HOGEBOOM, J.—The plaintiffs made at least a *prima facie* title to the undivided interest of Bidwell, Banta & Co., in the propeller, or the price thereof, by showing a sale and conveyance of such undivided interest by the latter to the defendant, and an assignment to the plaintiff of the unpaid portion of the price.

The defendant, who undeniably owed this debt, undertook to defend this action by showing a prior executory contract for the sale of such undivided interest to William Dickson, and the payment of a part of the price thereof by Dickson to Bidwell, Banta & Co. The answer to this is, that this contract and payment, being before the propeller was commenced to be built, was wholly executory in its character, and passed no title to or interest in the vessel to Dickson, as against the defendant, who had no notice of this contract. Andrews v. Durant, 11 *N. Y.* 35.

That such is the general rule is undeniable, at least since the case cited ; but it is attempted to take the present case out of the operation of this rule, by the fact, that Bidwell, Banta & Co., Dickson and Montgomery were, with one Sheppard, joint proprietors of the vessel, and in fact jointly concerned in the construction thereof at their joint expense ; that under the arrangment between them for such construction, Dickson and Montgomery were entitled to purchase of the other parties their interest therein, and that by reason of this arrangement the parties were in effect partners, and each bound to take notice of the interest of the others therein, and its extent, both legal and equitable.

But I think they were not partners, but only part owners of the propeller ; the agreement was that each should contribute the sum necessary to pay for one-quarter thereof, and each should be one-quarter owner ; they contributed this, or were to do so, in separate sums, and were, I think, to have a several though undivided interest in the vessel. It is doubtful indeed whether any but Bidwell, Banta & Co., who were the builders of the hull, and in possesssion thereof and interested to the largest amount in value in the vessel, were the legal owners thereof, until a conveyance thereof by them, although the equitable interests of the other parties would doubtless be preserved as

IV.—14

to all parties who dealt with Banta & Co., with knowledge of such equitable interest. Of the right of Dickson to purchase of Bidwell, Banta & Co., Montgomery was of course apprised by the contract. He had the same right himself, but of the exercise of that right he was wholly unapprised, and in regard to it, I think was not bound to inquire, unless some circumstances beyond the mere terms of the contract were brought to his notice, to put him on inquiry. None such existed, and I think the consequence was, that, however inequitable it was for Bidwell, Banta & Co., with a part of the price of their interest in the vessel in their pockets, paid to them by Dickson, to sell to another person, yet if such sale and conveyance to Montgomery were in fact made, it vested in the latter a title to the property, and obliged him to pay the price, unless Dickson was in some way made a party to the suit, or intervened in his own behalf. The price is nevertheless due from Montgomery, and collectible by Bidwell, Banta & Co., or their assignees. And it must be determined by some future litigation whether the plaintiffs after collecting it are to respond to Dickson for it in whole or part. Under the present state of the proof, and as between the present parties litigant, I think the judgment of the court below was right, and should be affirmed.

DENIO, Ch. J.—The plaintiffs, it is true, can claim no greater right than that which Bidwell, Banta & Co. could have claimed. The question is whether, under the facts found, the defendant can claim to have deducted from the purchase price of the one-quarter interest purchased by him, the amount which Dickson had paid on account of his inchoate purchase of the same quarter interest. There is no privity between him and Dickson, which would enable the defendant to avail himself of that payment, by way of set-off, or recoupment. If he can have the benefit of it in any way, it must be on the ground of a partial failure of title in Bidwell, Banta & Co. If it could be said that these parties did not own the whole quarter, but that Dickson owned a part of it, to the extent of his payment, then there would appear to be such partial failure of the title. But there are not sufficient facts found to show that any interest passed to Dickson It is not shown why he did not com-

plete his purchase. If it was on account of his failure to complete the payment, no interest in the subject passed to him. So if, without fault on his part, Bidwell, Banta & Co. refused to complete the sale to him, or put it out of their power to do so, by disposing of the quarter to the defendant, still no interest passed to Dickson. Bidwell, Banta & Co. became liable to repay him the money he had advanced on account of the purchase, and, perhaps, damages, for not performing on their part, but the title of the property would not be changed. The sale of the quarter to Dickson must be considered executory, and as not conferring any title upon Dickson until the payment should be completed. There was nothing existing at that time of which possession could be predicated. The subject was yet to come into existence, and any contract concerning it must, of necessity, be executory, and not executed.

The question, of course, is, who should lose by the insolvency of Bidwell, Banta & Co.; and it must clearly be Dickson, for they had his money in their hands at the failure. The defendant got the whole interest which he bargained for, and he must, therefore, pay the balance of the price which he agreed to give.

The judgment of the supreme court must be affirmed.

All the judges concurred.

Judgment affirmed, with costs.